### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JERAD KEITH DUNKIN                                                                    PLAINTIFF

v.                                                      4:10-cv-00117-GTE-JJV

JACOB ZULPO, Correctional
Officer, Wrightsville Unit, Arkansas
Department of Correction; *et al*.                                            DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge G. Thomas Eisele.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  **An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than ten (10) days from the date of the findings and recommendations.**  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 25).  This Court directed Plaintiff to file a Response within ten days, by Order dated October 27, 2010 (Doc. No. 28). As of the date of this order, Plaintiff has not responded.

Plaintiff, Jerad Keith Dunkin, filed this action pursuant to 42 U.S.C. § 1983 against Defendants while he was incarcerated at the Wrightsville Unit, Arkansas Department of Correction (ADC).  In his Complaint (Doc. No. 2), Mr. Dunkin alleges Officer Zulpo issued a disciplinary charge to him on November 1, 2009, in retaliation for a grievance he had filed against Zulpo. Plaintiff also alleges Warden Kay Howell (Wrightsville), Mr. James Gibson (Disciplinary Hearing Administrator) and Director Hobbs (ADC) improperly affirmed the appeal from his disciplinary conviction.   As a result, Plaintiff states he lost class status and good time credit, and asks for monetary relief from Defendants.

## II.   SUMMARY JUDGMENT MOTION

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

2

*See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id.*

### A.    Exhaustion

#### 1.    Defendants' Motion

Defendants argue the Complaint should be dismissed because Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  In support of their argument, Defendants present the affidavit of ADC Grievance Supervisor Tiffanye Compton.  (Doc. No. 26-1).  Compton states that Plaintiff filed and exhausted two grievances about the disciplinary charge, WR-09-229, and WR-09-267, but neither grievance is based on retaliation by Officer Zulpo.  *Id.*  Compton further states neither grievance mentions Defendants Howell, Gibson, or Hobbs.  *Id.*  Defendants also cite to the ADC Grievance Policy that requires inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate...." (Administrative Directive (AD) 09-01.IV.E.2., Doc. No. 26-4, p. 5).

2.      **Analysis**

According to the PLRA,

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  The exhaustion requirement is an affirmative defense which defendant has the burden to plead and to prove.  *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001), citing *Chelette v. Harris*, 229 F.3d 684, 686-688 (8th Cir. 2000).  Furthermore, "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in *Jones v. Bock*, 549 U.S. 199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

After carefully reviewing the Motion for Summary Judgment and supporting evidence, the Court finds that Plaintiff did not properly exhaust his retaliation claim against Officer Zulpo because neither of the grievances include the conduct about which he now sues.  The grievances concern the facts surrounding the actual charge filed against Plaintiff, and make no mention of retaliation by Defendant Zulpo based on past grievances filed by Plaintiff.

4

While Plaintiff may believe this decision is unfair and overly technical, the prison grievance policy must be precisely followed and failure to follow this policy is fatal to Plaintiff's claim. *Jones v. Bock*, 549 U.S. at 218 (2007). Therefore, the Court finds Plaintiff's retaliation claim against Defendant Zulpo should be dismissed, for failure to exhaust his administrative remedies.

With regard to Defendants Howell, Gibson and Hobbs, Plaintiff complains they improperly "agreed with" Officer Zulpo's charges. The grievance procedure provides that disciplinary matters are non-grievable issues. (AD 09-01.III.G.5, Doc. No. 26-4, p. 3).[1] Because the grievance procedure is not available to Plaintiff on this issue, Defendants' Motion for Summary Judgment for failure to exhaust should be denied.

### B. Disciplinary Charge/Conviction

#### 1. Defendants' Motion

In their Motion for Summary Judgment, Defendants argue that a § 1983 action is improper to overturn a disciplinary conviction or recover lost good time. Defendants state restoration of lost good time should be pursued in a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, *citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In addition, Defendants state Plaintiff's claim for damages fails under *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). In *Heck*, the court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, no damages claim exists unless the conviction is reversed, expunged or call into question by issuance of a federal writ of habeas corpus. Defendants also state the holding in *Heck* was extended to disciplinary situations where inmates lose good time credits, in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

---

[1]The procedure specifically states, however, that "[c]laims of retaliation, even if related to an issue referenced above [non-grievable issues], are grievable." AD 09-01.III.G.5.

5

2.       **Analysis**

The Court agrees and finds Plaintiff's claim for damages against Defendants Howell, Gibson and Hobbs should be dismissed pursuant to *Edwards v. Balisok* and *Heck v. Humphrey*. A judgment in favor of Plaintiff in this 42 U.S.C. § 1983 action would necessarily implicate the invalidity of his disciplinary conviction, and no claims for damages can be awarded unless this conviction reversed, expunged, or called into question by a state tribunal or federal court. *See also Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996).

The United States Court of Appeals for the Eighth Circuit first applied this principle in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996).[2] In *Sheldon*, the prisoner "mailed a letter to an inmate-produced publication at another prison. In the letter's postscript, Sheldon had written, "We have your [expletive] warden Thomas E. Hundley, ... you could have kept him." *Id.* at 232. Prison officials seized the letter, convicted Sheldon, and sentenced him to fifteen days of disciplinary detention and lost sixteen days of good conduct time. *Id.* Sheldon filed a §1983 action claiming the prison officials involved in his disciplinary proceeding had violated his First Amendment rights. The district court dismissed Sheldon's case and, on appeal, the Eighth Circuit affirmed the dismissal pursuant to the Supreme Court's holding in *Heck.* The court held, "a prisoner cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." *Id*. In so holding, the Eighth Circuit stated that *Heck* "applies whether the prisoner challenges a conviction imposing a sentence or a prison

---

[2]The decision of the Eighth Circuit Court of Appeals in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996) preceded the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641 (1997), by one year. However, the *Sheldon* court correctly anticipated the Supreme Court's subsequent opinion in *Edwards*, and employed reasoning that was later validated by *Edwards.*

administrative ruling lengthening a sentence."  *Id.* at 233, *citing Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996).

The Eighth Circuit also rejected Sheldon's argument that *Heck* only barred restoration of his good time credit and not his separate claim for monetary damages.  *Id.*  The court determined that Sheldon's First Amendment claims were "so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in [his] favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence."  *Id.* at 234.  Thus, Sheldon's § 1983 civil rights action was premature "until the state or a federal habeas court has invalidated the disciplinary result."  *Id.* at 233, citing *Miller v. Indiana Dep't of Corrections, supra* at 331, and *Heck v. Humphrey, supra* at 489.  Hence, the dismissal was "one without prejudice to permit Sheldon to refile the action if the state or a federal habeas court invalidates the disciplinary ruling."  *Id.*

The United States Court of Appeals for the Eighth Circuit reiterated this analysis more recently in *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  Prison officials convicted Portley-El in a prison disciplinary proceeding, and sentenced him to 30 days in segregation, plus forfeiture of 45 days of good time credit.  *Id.* at 1064.  He filed a § 1983 civil rights action claiming violations of his due process and equal protection rights during the course of his disciplinary proceeding.  As relief, the plaintiff sought an "expung[ement] of the disciplinary conviction, restoration of his good time credits and all other privileges, suspension of his administrative segregation classification... and money damages."  *Id.* at 1064-1065.  On appeal, the Eighth Circuit concluded the district court had properly dismissed plaintiff's claim for restoration of his good time credit.  *Id.* at 1066, citing *Preiser v. Rodriguez, supra*, and *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990), *cert. denied*, 502 U.S. 899 (1991). The Court further affirmed the dismissal of plaintiff's claims for money damages,

observing that:

> Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon [v. Hundley]*, 83 F.3d at 233. Because Portley-El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Id.* at 1067 [footnote omitted], quoting *Edwards v. Balisok, supra* at 486.

Portley-El argued that *Heck* did not apply to his equal protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." *Id.* However, the Court rejected this distinction as irrelevant and held, "[t]he rule in *Heck* covers any § 1983 claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Id.*, quoting *Heck v. Humphrey, supra* at 486. The *Portley-El* court emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Id.* Instead, proper inquiry is whether or not the plaintiff's claims, if proven, "would necessarily . . . render the disciplinary result invalid, including the loss of good time credits." *Id.*, citing *Edwards v. Balisok, supra* at 647.

Here, Plaintiff seeks a judgment which would invalidate the results of the disciplinary proceeding, restore his class status, and restore his good time credit. The claim is barred by the United States Supreme Court's decision in *Preiser,* which held that a habeas proceeding is the exclusive remedy for challenging the duration of a prison term. *See also Portley-El v. Brill, supra* at 1066 ("[T]he Court held in *Preiser* that habeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding.").

For these reasons, the Court recommends that Plaintiff's Complaint be dismissed, pursuant to Titles 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c)(1), and 28 U.S.C. § 1915(e)(2)(B)(ii), and that

dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).[3]  As a consequence, it is further recommended that all pending motions be denied as moot.

## III.   CONCLUSION

IT IS, THEREFORE RECOMMENDED THAT:

1.       Defendants' Motion for Summary Judgment (Doc. No. 25) be GRANTED.

2.       Plaintiff's Complaint against Defendant Zulpo be DISMISSED without prejudice for failure to exhaust his administrative remedies.

3.       Plaintiff's Complaint against Defendants Howell, Gibson, and Hobbs be DISMISSED without prejudice to his right to reassert his claim, should his disciplinary be invalidated by a state tribunal or federal court.

4.       Dismissal of Plaintiff's Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(G).[4]

IT IS SO RECOMMENDED this 16th day of November, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]  Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999)(unpub. table op.)(citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

[4]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).